## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **GORDON JAMES, SR.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-CV-2195-S-BH** |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge**[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint with Incorporated Memorandum of Law*, filed February 25, 2020 (doc. 22).  Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

This case involves the attempted foreclosure of real property located at 1318 High Ridge Drive, Duncanville, Texas 75137 (Property).  (*See* doc. 1-1 at 8.)[2]  On February 11, 1999, Gordon James, Sr. (Plaintiff) executed a Note in favor of Countrywide Home Loans, Inc. (Countrywide), for a loan in the principal amount of $112,321.00 (Loan). (doc. 21 at 2.)  He contemporaneously executed a Deed of Trust that granted a security interest in the Property to Countrywide to secure repayment under the Note. (*Id*. at 2, 21.)  Under the terms of the Deed of Trust, Plaintiff would be in default if he failed to timely pay the full amount of each required monthly payment, and subject to acceleration of the Loan and foreclosure proceedings on the Property. (*Id*. at 23.)  On January 4, 2005, Plaintiff and Countrywide entered into a Loan Modification Agreement. (doc. 23-2 at 2-3.)

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management, including determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On June 13, 2007, Countrywide executed an Assignment of Note and Deed of Trust (First Assignment) assigning the Note and Deed of Trust to Bank of New York, as Trustee for the Noteholders CWABS II, Inc. LFT 2005-04 (Bank of New York). (doc. 23-3.) On December 6, 2011, Bank of New York executed an Assignment of Deed of Trust (Second Assignment) assigning the Note and Deed of Trust to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing LP (Defendant). (doc. 23-4.)  The First Assignment and Second Assignment were recorded with the Dallas County Clerk.  (*Id.*)  Defendant subsequently transferred the servicing rights of the Note and Deed of Trust (collectively the Loan Agreement) to Carrington Mortgage Services, LLC (Carrington).[3] (doc. 21 at 3.)

On August 30, 2019, Plaintiff filed this lawsuit in County Court at Law No. 3 of Dallas County, Texas.  (*See* doc. 1-1 at 7-22.)  His verified state court petition asserted claims for breach of contract, common law fraud, breach of duty of cooperation, negligent misrepresentation, and violations of the Texas Debt Collection Protection Act (TDCPA), and it requested actual and exemplary damages, attorneys' fees, and a temporary restraining order and temporary injunction to prevent Defendant from foreclosing on the Property.  (*Id.*)  On August 30, 2019, the state court issued a Temporary Restraining Order (TRO) enjoining the sale of the Property, and the foreclosure sale was canceled.  (*Id.* at 27-29.)

On September 13, 2019, Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (*See* doc. 1 at 2.)  On February 11, 2020, Plaintiff filed his amended complaint, which asserted claims against Defendant for breach of contract, common law fraud, and violations of the TDCPA and the Real Estate Settlement Procedures Act (RESPA), and omitted the

---

[3]Defendant alleges that Carrington began servicing the Loan effective April 30, 2013. (*See* doc. 22 at 7.)

2

claims for breach of duty of cooperation, negligent misrepresentation, and injunctive relief. (*See* doc. 21.)  It alleges that he completed a loan modification application in May 2018, after Defendant advised him that "he could  apply for and would be considered for a loan modification."  (*Id.* at 3.) When Plaintiff contacted Defendant about his modification application between May 2018 and December 2018, various employees on behalf of Defendant told him they never received his application; when he resubmitted it, they told him they did not have the requested paperwork.  (*Id.*) Defendant posted the Property for foreclosure sale on September 2019, but it never conducted or attempted to schedule a face-to-face meeting with Plaintiff. (*Id.*)  It also "failed to properly review Plaintiff's loan modification application and failed to properly notify [him] of the results and his options," and it "refused to accept partial payments from [him]." (*Id.*)  He suffered severe mental anguish, economic damages, and severely impaired credit as a result of Defendant's actions.  (*Id.* at 3-4.) He seeks actual and exemplary damages, attorneys' fees, declaratory relief, an accounting, and specific performance. (*Id.* at 15-18.)

On February 25, 2020, Defendant moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (doc. 22.)  Plaintiff responded on March 17, 2020, and Defendant replied on March 31, 2020. (docs. 25, 26.)

## II.  MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief.  (*See* doc. 22.)

**A.**     **<u>Legal Standard</u>**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face

of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion.

4

*Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Plaintiff attached to his amended complaint a copy of the Deed of Trust. (*See* doc. 22 at 21-27.) This document is therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. Defendant attached to its motion to dismiss copies of the Deed of Trust, First Assignment, Second Assignment, and Loan Modification Agreement. (*See* doc. 23.) Because these documents are central to Plaintiff's general theory of the case, they are considered part of the pleadings. *See Collins*, 224 F.3d at 498-99. They further qualify as a matter of public record that can

be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"). Because the attached documents are either part of the pleadings or subject to judicial notice, they may be considered without conversion of Defendant's motion into a motion for summary judgment. *See Norris*, 500 F.3d at 461 n.9.

## B.    Breach of Contract

Defendant contends that Plaintiff's breach of contract claim should be dismissed because he does not state a plausible claim for relief. (doc. 22 at 9-10.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied)).[4] "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Here, Plaintiff alleges that Defendant failed to comply with HUD regulations that allegedly were incorporated into the Deed of Trust. (doc. 21 at 4.) "While HUD regulations do not impose an

---

[4] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the Property is in Texas and the Deed of Trust was executed in Texas and includes a choice of law clause stating that it is to be governed by the "law of the jurisdiction in which the Property is located." (*See* doc. 21 at 24); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of performance). The parties do not dispute that Texas law applies.

6

independent legal duty on a mortgagee to a mortgagor, a violation of HUD regulations can form the basis of a breach of contract claim if the parties expressly incorporate the regulations into their contract." *Del Rio Trejo v. Bank of Am., N.A.*, No. 3:19-CV-01406-L, 2020 WL 982004, at *4 (N.D. Tex. Jan. 21, 2020), *adopted as modified by* 2020 WL 980951 (N.D. Tex. Feb. 28, 2020) (citing *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013) ("Federal statutes and regulations can form the basis of a breach-of-contract claim if the parties expressly incorporate them into their contract." )); *see also Baker v. Countrywide Home Loans, Inc.*, No. CIV A 308-CV-0916-B, 2009 WL 1810336, at *5 (N.D. Tex. June 24, 2009)("[F]ailure to comply with the regulations made part of the parties' agreement may give rise to liability on a contract theory because the parties incorporated the terms into their contract."); *Hernandez v. Home Savings Assoc. of Dallas*, 606 F.2d 596, 601 (5th Cir. 1979) (finding that the mortgage documents and HUD regulations constituted an "integrated contract" because the parties had explicitly incorporated the HUD regulations into their agreement).

### 1.    *Face-to-Face Meeting*

Plaintiff claims that Defendant failed to conduct, or make a reasonable effort to arrange, a face-to-face meeting with him prior to foreclosure, as required by 24 C.F.R. § 203.604(b).  (doc. 21 at 5-6.)

The HUD regulations require a lender to "have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid."  *See* 24 C.F.R. § 203.604(b).  The amended complaint generally alleges that "Defendant did not conduct a face-to-face interview with Plaintiff or make a reasonable effort to arrange such a meeting."  (doc. 21 at 6.)  Plaintiff does not state when Defendant was required to

have a face-to-face interview with him.  His formulaic recitation of the statutory language, without any specific facts in support, is insufficient to state a plausible violation of 24 C.F.R. § 203.604(b). *See Iqbal*, 556 U.S. at 678 (to survive dismissal, the complaint must provide sufficient "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" ).

### 2.    *Other Available Assistance and Loss Mitigation Evaluation*

Plaintiff also claims that Defendant failed to inform him of other available assistance as required by 24 C.F.R. § 203.604(e)(2).  (doc. 21 at 5-6.)

The HUD regulations require a mortgagee to "[i]nform the mortgagor of other available assistance, if any."  *See* 24 C.F.R. § 203.604(e)(2)(ii).  Plaintiff has not alleged that other assistance was available, or identified other available assistance about which Defendant should have advised him.  Moreover, the amended complaint acknowledges that Defendant advised him that he could apply for, and would be considered for, a loan modification. (*See* doc. 21 at 3.)  In light of Plaintiff's own allegations, his conclusory and formulaic allegations are insufficient to a state a plausible violation of 24 C.F.R. § 203.604(e).

### 3.    *Partial Payments*

Plaintiff claims that Defendant failed to accept partial payments as required by 24 C.F.R. § 203.556(b).  (doc. 21 at 5-6.)

The HUD regulations also require a mortgagee to "accept any partial payment and either apply it to the mortgagor's account or hold it in a trust account pending disposition." *See* 24 C.F.R. § 203.556(b).  If a mortgagee refuses partial payment while the mortgage is not in default, it must return the payment with a letter of explanation. *Id.* § 203.556(c).  When the mortgage is in default,

a mortgagee can return a partial payment to the mortgagor with a letter of explanation under the following circumstances:

> (1) When payment aggregates less than 50 percent of the amount then due;

> (2) The payment is less than the amount agreed to in a forbearance plan, whether or not reduced to writing;

> (3) The property is occupied by a tenant who is paying rent and the rentals are not being applied to the mortgage payments;

> (4) Foreclosure has been commenced. (Foreclosure is commenced when the first action required for foreclosure under applicable law is taken.)

*Id.* § 203.556(d).

Plaintiff does not allege the amount he tendered as partial payment, the total amount due, when partial payment was tendered and refused, whether the mortgage was in default, where partial payment was submitted, or whether a letter of explanation was provided. The amended complaint fails to allege sufficient facts to plausibly show that Defendant refused his partial payment in violation of 24 C.F.R. § 203.556(d). *See Brigandi v. Am. Mortg. Inv. Partners Fund I Tr.*, No. 4:16-CV-520-ALM-CAN, 2017 WL 9285418, at *7 (E.D. Tex. May 31, 2017) (dismissing breach of contract claim for alleged violation of § 203.556 where complaint failed to allege partial payment amount tendered or total amount due).

Even viewed in the light most favorable to Plaintiff, the amended complaint fails to state a plausible claim that Defendant breached a contract with him, and this claim should be dismissed.

### C.     RESPA/Regulation X

Defendant contends that Plaintiff's claims for violations of 12 C.F.R § 1024.41 fail as a matter of law and should be dismissed. (doc. 22 at 7-8.)

RESPA protects borrowers, in part, by prohibiting predatory practices in the lending and

servicing of federally-related mortgage loans. *See* 12 U.S.C. §§ 2601(a), 2605-2608; *Val-Com Acquisitions Trust v. Chase Home Fin. LLC*, 3:10-CV-1214-K, 2011 WL 1938146, at *3 (N.D. Tex. May 19, 2011). Title 12 C.F.R. § 1024.41, known as Regulation X, is a RESPA implementing regulation that sets out the procedures and timeframe for reviewing loss mitigation applications, including the servicer's obligation to provide the borrower written notice, within thirty days of receipt of a complete loss mitigation application, of the loss mitigation options it will offer the borrower, or the specific reasons for denying the application. *See, e.g.*, 12 C.F.R. § 1024.41(c), (d); *see also Obazee v. The Bank of N.Y. Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *3-4 (N.D. Tex. July 31, 2015). "Section 1024.41 is privately enforceable under § 6(f) of RESPA, 12 U.S.C. § 2605(f)." *Ruiz v. PennyMac Loan Servs., LLC*, No. 3:18-CV-1544-D, 2018 WL 4772410, at *2 (N.D. Tex. Oct. 3, 2018) (citing 12 C.F.R. § 1024.41(a)).

"A servicer must comply with the requirements of [Regulation X] for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application." 12 C.F.R. § 1024.41(i). In other words, Regulation X "only appl[ies] to a borrower's first loss mitigation application." *Wentzell v. JPMorgan Chase Bank, Nat'l Ass'n*, 627 F. App'x 314, 318 n.4 (5th Cir. Oct. 2, 2015); *see, e.g., Butler v. Colonial Sav., F.A.*, No. 4:18-CV-2491, 2019 WL 3842771, at *4 (S.D. Tex. Aug. 15, 2019), *appeal dismissed by* No. 19-20630, 2019 WL 8193969 (5th Cir. Nov. 5, 2019) ("Under 12 C.F.R § 1024.41(i), the defendant only had to comply with the regulation for one loss mitigation application and not the additional ones the plaintiffs sent afterward.").

Here, Plaintiff's amended complaint asserts that Defendant failed to comply with the

requirements for loan servicers under Regulation X, specifically violating 12 C.F.R. §§ 1024.41(c), (d), (g), and (h).  (doc. 21 at 6-10.)  Plaintiff fails to allege that his May 2018 loan modification application was his first complete loss mitigation application, or that he was current on his payments after submitting any prior complete applications.  *See* 12 C.F.R. § 1024.41(i); *Wentzell*, 627 F. App'x; at 318 n.4; *see, e.g., Ruiz*, 2018 WL 4772410, at *2 (finding plaintiff failed to state a claim for a violation of § 1024.41 because he did not allege any facts enabling the court to infer that the suit concerns his first complete loss mitigation application, nor "adequately plead that he became current on his payments after [defendant] considered any previous complete loss mitigation application").  Notably, Defendant attached a Loan Modification Agreement to its motion to dismiss, and he does not dispute that he obtained a loan modification from Countrywide in 2005. (*See* docs. 22 at 12; 23-2 at 2-3.)  Because Plaintiff's amended complaint does not sufficiently allege facts to show that Defendant violated Regulation X, he has not stated a claim upon which relief can be granted. *See Solis v. U.S. Bank, N.A.*, 726 F. App'x 221, 223 (5th Cir. 2018) (per curiam) ("The district court did not err when it held that [plaintiffs] failed to allege that this application was their first complete loss mitigation application.... Thus, [plaintiffs] again failed to plead the prerequisites of a plausible claim."); *see, e.g., Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc., Mortg. Asset-Backed Passthrough Certificates, Series 2006-QS5*, No. 3:18-CV-0854-D, 2019 WL 2578625, at *4 (N.D. Tex. June 24, 2019) (*Wilson I*) ("Because the Thomases specifically allege that they applied for loss mitigation in 2009 and were accepted for a loan modification, and because they do not dispute that Ocwen stepped into the shoes of their prior loan servicers, they have failed to plead a claim under 12 C.F.R. § 1024.41(g).") (alterations omitted); *but see Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc., Mortg. Asset-Backed*

*Pass-Through Certificates, Series 2006-QS5*, No. 3:18-CV-0854-D, 2019 WL 5840325, at *6 (N.D.
Tex. Nov. 7, 2019), *reconsideration denied by* 2020 WL 570915 (N.D. Tex. Feb. 5, 2020) (*Wilson
II*) (declining to dismiss § 1024.41 claim against current servicer even though plaintiffs had obtained
a loan modification from predecessor servicer because "it is not yet settled whether [defendant] was
required to comply with the loss mitigation requirements anew as a transferee servicer or whether it
was entitled to rely on its predecessor's compliance with the rules").

Plaintiff did not respond to Defendant's argument that dismissal of Plaintiff's Regulation X
claims is warranted because he did not state a plausible claim for violations of RESPA. *See Arias
v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2514998, at *7 (N.D. Tex. June 18,
2019) ("When a plaintiff fails to defend a claim in response to a motion to dismiss or summary
judgment motion, the claim is deemed abandoned.") (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584,
588 n.1 (5th Cir. 2006)); *see, e.g., Reese v. Wells Fargo US Holdings, Inc.*, No. 19-CV-799-S-BK,
2020 WL 874807, at *1 (N.D. Tex. Jan. 30, 2020), *adopted by* 2020 WL 870227 (N.D. Tex. Feb. 20,
2020) (citing *Black*, 461 F.3d at 588 n.1) ("Plaintiffs' wholesale failure to address its arguments
regarding their RESPA, TDCA, and Texas Property Code claims results in the abandonment of those
claims."). Plaintiff's Regulation X claims should be dismissed with prejudice for failure to state a
claim.[5]

## D.    **TDCPA**[6]

Defendant argues that Plaintiff fails to allege sufficient facts to state claims for violations of

---

[5]Defendant also contends that Plaintiff's Regulation X claims fail because it was not the loan servicer during
the relevant time frame, and because there are no allegations of actual damages. (doc. 22 at 11-13.) Because his
Regulation X claims are otherwise subject to dismissal, it is unnecessary to reach these arguments.

[6]Although Plaintiff's state court petition alleged that Defendant had violated Tex. Fin. Code §
392.304(a)(14), his amended complaint omitted this claim. (*Compare* doc. 1-1 at 12 *with* doc. 21. at 13.)

the TDCPA. (doc. 22 at 13.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *adopted by* 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012). It "allows a consumer to sue a debt collector attempting to collect a debt for threats, coercion, oppression, harassment, abuse, unfair or unconscionable collection methods, or fraudulent, deceptive or misleading misrepresentations made in connection with the collection of a debt." *Huerta v. CitiMortgage, Inc.*, No. 3:11-CV-1515-BH, 2011 WL 13228994, at *3 (N.D. Tex. Dec. 12, 2011) (citing Tex. Fin. Code §§ 392.301-304). A claimant must show: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See* Tex. Fin. Code §§ 392.001-.404. The TDCPA defines a "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." *Id.* § 392.001(6). "Debt collection" is defined as "an action conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5). This can include "actions taken in foreclosing real property." *See Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (citation omitted).

### 1.   Sections 392.304(a)(8), (19)

During debt collection, or in obtaining information concerning a consumer, § 392.304(a)(8) prohibits a debt collector from making "a fraudulent, deceptive, or misleading representation" that "misrepresent[s] the character, extent, or amount of a consumer debt, or misrepresent[s] the consumer

debt's status in a judicial or governmental proceeding." *See* Tex. Fin. Code Ann. § 392.304(a)(8). To establish a violation of § 392.304(a)(8), a plaintiff must allege facts that show that the defendant made a false or misleading statement that "led him to think differently with respect to the character, extent, amount, or status of his debt." *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). "Subsection 392.304(a)(19) operates effectively as a 'catch-all' provision, prohibiting a debt collector from 'using any [ ] false representation or deceptive means to collect a debt or obtain information concerning a consumer.' " *Sanghera*, 2012 WL 555155, at *8 (citing *id.* § 392.304(a)(19)). For a party's statement to constitute a misrepresentation, that party "must have made a false or misleading assertion." *Id.* at *9.

Here, Plaintiff alleges that Defendant violated § 392.304(a)(8) when it "noticed a foreclosure sale despite [his] pending loss mitigation application and review," and when it "made misrepresentations regarding the receipt of payments and the receipt of documents from [him]." (doc. 21 at 13.) He also alleges that Defendant violated § 392.304(a)(19) when it "pursued foreclosure on [his] home at foreclosure sale," and when it "accepted the loan modification application and said [it] would review it, and wrongfully attempted to foreclose upon the Property in violation of the Deed of Trust, HUD regulations, and RESPA." (*Id.* at 13-14.) The amended complaint does not state facts showing that Defendant misrepresented the character, extent, or amount of *his debt*, however. *See Miller*, 726 F.3d at 723; *see, e.g., Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (promising consideration for loan modification does not constitute misrepresentation regarding character, extent, amount, or status of debt under § 392.304(a)(8)). Plaintiff also fails to allege facts to raise a reasonable inference that Defendant made false or misleading assertions during debt collection, or in obtaining information concerning a consumer. *See Holley v. Bank of Am., N.A.*, No.

14

3:10-CV-2261-B, 2011 WL 1303252, at *2 (N.D. Tex. Apr. 4, 2011) (dismissing TDCPA claim where the plaintiff failed to specifically point out any threats, prohibited actions, or false or deceptive statements attributable to the defendant). Although Plaintiff generally alleges that Defendant had made "misrepresentations" about receiving payments and documents from him, he does not provide any information about these representations or explain why or how they were false or misleading. *See Sanghera*, 2012 WL 555155, at *9; *see, e.g., Amaro v. U.S. Bank Nat. Ass'n*, No. 3:12-CV-3776-B, 2013 WL 1187284, at *3 (N.D. Tex. Mar. 22, 2013) ("[B]ecause Plaintiffs fail to allege a specific misrepresentation, the claim under § 392.304 fails."). Without more, his conclusory allegations fail to "nudge[ ] [his] claim[s] across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570. Plaintiff's claims under §§ 392.304(a)(8) and (19) should therefore be dismissed for failure to state a claim.

### 2.    *Section 392.301(a)(8)*

Section 392.301(a)(8) of the TDCPA provides: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law." *See* Tex. Fin. Code Ann. § 392.301(a)(8).

Here, Plaintiff alleges that Defendant violated § 392.301(a)(8) when it "moved forward with the foreclosure sale absent a valid contractual right to foreclose." (doc. 21 at 14.) He also alleges that Defendant took "an action prohibited by law" because the attempted foreclosure sale in September 2019, amounted to "dual tracking" in violation of Regulation X. (*Id.*) As discussed, however, Plaintiff has failed to allege plausible RESPA violations. While he maintains that Defendant could not foreclose, he fails to allege that he was current on his mortgage payments or offer any other factual support to challenge Defendant's right to foreclose. *See Wildy v. Wells Fargo*

*Bank, NA*, No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) ("foreclosure or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on [her] mortgage"). Given the Deed of Trust's provision granting Defendant the power of sale upon default (*see* doc. 21 at 21, 25), Plaintiff's amended complaint fails to plead sufficient facts giving rise to a reasonable inference that Defendant's attempt to foreclose is an action prohibited by law. *See Swim v. Bank of Am., N.A.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *5 (N.D. Tex. Jan. 20, 2012) (quoting Tex. Fin. Code § 392.301(b)(3)) (holding that "the TDCPA 'does not prevent a debt collector from ... exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings' "); *see also Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (concluding that where the mortgage was in default and the mortgage servicer had retained its contractual right to foreclose, the servicer did not violate the TDCPA by threatening the mortgagor with foreclosure prior to issuing the statutorily required notice of acceleration). Because Plaintiff fails to state a viable claim under § 392.301(a)(8), this claim should also be dismissed.[7]

## E.    <u>Common Law Fraud</u>

Defendant argues that Plaintiff's common-law fraud claim should be dismissed under Rules 9(b) and 12(b)(6) for failure to plead with particularity. (doc. 22 at 17-18.)

In Texas, the elements of common law fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation

---

[7]Defendant also contends that Plaintiff's TDCPA claims should be dismissed because he fails to allege facts showing that it is a "debt collector." (doc. 22 at 13-15.) Because Plaintiff fails to state a TDCPA violation, it is unnecessary to reach this additional argument.

recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010)).

A motion to dismiss for failure to plead fraud with particularity under Rule 9(b) is treated the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations omitted).

Plaintiff's amended complaint alleges that Defendant had "made false and material representations to [him] by, among other things, misstating and mischaracterizing the various modification options and payment options [he] could undertake with regard to [his] loan," and it had "made misstatements as to the amounts owed on the Loan, whether payments were received or not, whether loan modification application documents were submitted by [him] and received or not, and the loan modification status." (doc. 21 at 15.) It also alleges that Defendant "knew that the

17

representations were false or made these representations recklessly . . . and without knowledge of [their] truth." (*Id.*)  Plaintiff contends that he relied on the misrepresentations and was injured as a result. (*Id.*)

While the amended complaint appears to nominally lay out the necessary elements of a fraud claim in Texas, it fails to plead the circumstances with particularity because it does not include the specifics of "the who, what, when, where, and how" as required under Rule 9(b). *See Benchmark Electronics*, 343 F.3d at 724.  The amended complaint does not identify any speaker, the details of the modification and payment options allegedly offered by Defendant, any specifics about his communications with Defendant, or exactly how these communications injured him.  It further fails to allege any facts that support the allegations that Defendant had knowledge or acted recklessly. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) ... [because] the plaintiffs must set forth *specific facts* supporting an inference of fraud[,] ... such as identify[ing] circumstances that indicate conscious behavior on the part of the defendants.") (citations omitted) (emphasis in original); *see also Young v. Deutsche Bank Nat. Trust Co.*, No. H-14-1449, 2014 WL 4386028, at *3 (S.D. Tex. Sept. 14, 2014) (finding plaintiff's allegations were insufficient to state a claim for fraud where plaintiff alleged no specific facts supporting an inference of fraud but merely alleged that defendant knowingly or recklessly made false statements).  Because Plaintiff has failed to meet the heightened pleading requirement of Rule 9(b), his common-law fraud claim should be dismissed for failure to state a claim.[8]

---

[8]Because Plaintiff fails to state a fraud claim with sufficient particularity, Defendant's alternative argument that this claim also fails under the economic loss doctrine need not be addressed. *See Nichols v. Wells Fargo Bank, N.A.*, No. 3:17-CV-02096-M-BH, 2018 WL 2164524, at *5 n.2 (N.D. Tex. Apr. 6, 2018), *adopted by* 2018 WL 2150993 (N.D. Tex. May 10, 2018).

**F.      Accounting**

Defendant moves to dismiss Plaintiff's request for an accounting on the ground that he has failed to assert a viable cause of action. (doc. 22 at 19.)

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 737 (E.D. Tex. 2011) (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-CV-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011)). "If Plaintiffs' request for an accounting is a remedy sought rather than a cause of action, the determination of whether an accounting would be an appropriate remedy must await the determination of the liability issues." *Watson,* 2011 WL 4526980, at *9 (citing *Shields v. Ameriquest Mortg. Co.*, No. 05-06-01647-cv, 2007 WL 3317533, at *2 (Tex. App.–Dallas 2007, no pet.)).

Here, Plaintiff requests an accounting as a remedy, so he does not need to establish any of the prerequisites for a claim for an accounting. (*See* doc. 21 at 15-16.)  Because all of his claims are subject to dismissal, however, he is not entitled to this relief. *See Richardson v. Wells Fargo Bank*, N.A., 873 F. Supp. 2d 800, 817 (N.D. Tex. 2012) (finding that because the court dismissed all of plaintiff's causes of action, she was not entitled to relief in the form of an accounting).  Accordingly, Defendant's motion to dismiss Plaintiff's claim for accounting should be granted.

**G.      Declaratory Relief**

Defendant contends that Plaintiff's request for declaratory relief should be dismissed because he fails to state a viable claim for relief.  (doc. 22 at 19.)

When a declaratory judgment action is filed in state court and is subsequently removed to federal court, "it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C.

19

§§ 2201, 2202." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The Declaratory Judgment Act (the Act) allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C. § 2201. The availability of a declaratory judgment depends upon the existence of a judicially remediable right, however. *See Bell*, 2012 WL 568755, at *8. The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and internal quotation marks omitted). In other words, the Act is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.*

Here, Plaintiff seeks declaratory judgment that HUD regulations "are part of the Deed of Trust and that Defendant breached the Deed of Trust." (doc. 21 at 16.) Given Plaintiff's failure to state a viable claim for relief against Defendant or show that a genuine controversy exists between the parties, his request for declaratory relief should be dismissed. *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHome Key, Inc.*, 2011 WL 3606688, at *56 (N.D. Tex. Aug. 16, 2011), *aff'd by* 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

## H.    Specific Performance

Defendant moves to dismiss Plaintiff's request for specific performance on the ground that he has failed to establish a plausible breach of contract claim. (doc. 22 at 18.)

20

"In Texas, '[s]pecific performance is an equitable remedy that may be awarded upon a showing of breach of contract.' " *Geske v. Wells Fargo Bank, Nat. Ass'n*, No. 3:11-CV-3337-L, 2012 WL 1231835, at *5 (N.D. Tex. Apr. 12, 2012) (quoting *Stafford v. Southern Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex.App.–Dallas 2007, pet. denied).  Specific performance is not a separate cause of action, but is instead "used as a substitute for monetary damages when such damages could not be adequate." *Ark Corp. Member Ltd. v. AEU Benefits, LLC*, No. 3:18-CV-1265-K, 2018 WL 5809283, at *2 (N.D. Tex. Nov. 6, 2018) (quoting *Stafford*, 231 S.W.3d at 535.).  The party seeking specific performance must show a breach of contract and "must also establish that there is no adequate remedy at law to compensate it for its loss." *Geske*, 2012 WL 1231835, at *5 (citing *South Plains Switching, Ltd. v. BNSF Ry. Co.*, 255 S.W.3d 690, 703 (Tex.App.–Amarillo 2008, pet. denied)).

Here, Plaintiff seeks specific performance based on Defendant's alleged breach of the Deed of Trust.  (doc. 21 at 16-17.)  Specifically, he "requests that this Court order Defendant to comply with RESPA and the HUD regulations."  (*Id.* at 17.)  Because Plaintiff's breach of contract claim is subject to dismissal, he is not entitled to specific performance.  *See Geske*, 2012 WL 1231835, at *5; *see, e.g., Mitchell v. Chase Home Fin. LLC*, No. CIV A 306-CV-2099-K, 2008 WL 623395, at *6 (N.D. Tex. Mar. 4, 2008) (dismissing plaintiffs' request for specific performance after their breach of contract claim had failed to survive summary judgment).  Defendant's motion to dismiss Plaintiff's request for specific performance should be granted.

## I.   Monetary Relief and Attorney's Fees

Defendant moves to dismiss Plaintiff's requests for monetary relief and attorney's fees on the ground that he has failed to state any claim on which relief can be granted.  (doc. 22 at 19.)

Here, Plaintiff seeks monetary relief, including statutory, actual, and exemplary damages, as well as his reasonable and necessary attorney's fees. (doc. 21 at 18.)  Because all of Plaintiff's substantive claims are subject to dismissal on the merits, he is not entitled to any monetary relief. *See Ainsworth v. Wells Fargo Home Mortg., Inc.*, No. 3:14-CV-1942-M, 2016 WL 1165919, at *9 (N.D. Tex. Feb. 24, 2016), *adopted by* 2016 WL 1161993 (N.D. Tex. Mar. 23, 2016).  Additionally, because he has failed to plead any viable causes of action, he is not entitled to any attorney's fees. *See Avila v. Mortgage Elect. Registration Sys., Inc.*, No. 4:12-CV-830, 2012 WL 6055298, at *7 (S.D. Tex. Dec. 5, 2012) (dismissing request for "all costs and attorney's fees" where all of plaintiff's claims were subject to dismissal).  Defendant's motion to dismiss Plaintiff's request for monetary relief and attorney's fees should be granted.

### III.  *SUA SPONTE* DISMISSAL

Plaintiff alleges that Defendant violated 12 U.S.C. § 2605(c) when it "did not notify [him] in writing of the transfer of servicing of [his] loan." (doc. 21 at 10.)  While Defendant did not move to dismiss this claim, the Court may *sua sponte* dismiss it under Rule 12(b)(6) for failure to state a claim as long as Plaintiff has notice of the Court's intention and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).  The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond. *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

Section 2605 requires that the borrower be notified when a loan is transferred from one servicer to another. 12 U.S.C. § 2605(c).  To recover against a lender or mortgage servicer that fails to comply with § 2605(c), the plaintiff "must allege actual damages resulting from the alleged

RESPA violation." *Bassie v. Bank of Am., N.A.*, No. 4:12-CV-00891, 2012 WL 6530482, at *5 (S.D. Tex. Dec.13, 2012); *see also* 12 U.S.C. § 2605(f)(1)(A).  The allegations must show "not only that the plaintiff suffered damages, but also that those damages were incurred 'as a result of the failure' of the lender to comply with the statute or regulations." *Ruiz*, 2018 WL 4772410, at *3 (quoting 12 U.S.C. § 2605(f)(1)(A)).  A court may also award up to $2,000 in statutory damages if the defendant engaged in "a pattern or practice of noncompliance." *See* 12 U.S.C. § 2605(f)(1)(B); *Bassie*, 2012 WL 6530482, at *5.  To recover statutory damages, the plaintiff must allege facts that the defendant has engaged in a pattern or practice of RESPA violations.  *See Allen v. Wells Fargo Bank Nat'l Ass'n*, No. 3:16-CV-0249-D, 2017 WL 3421067, at *4 (N.D. Tex. Aug. 9, 2017).

Here, Plaintiff alleges that Defendant violated § 2605(c) when it "did not notify [him] in writing of the transfer of servicing of [his] loan." (doc. 21 at 10.)  He alleges that he "lost time away from work and suffered the stress and inconvenience of gathering information and having to submit and re-submit the same documents, making multiple phone calls to different representatives from [ ] Defendant, [and] incur[red] out of expenses of at least $200" due to Defendant's RESPA violations. (*Id.* at 11.)  He also alleges that he "incurred attorneys' fees of at least $2,500 and suffered severe anxiety, stress, and mental anguish worrying about foreclosure."  (*Id.*)  Apart from his conclusory allegations that he seeks damages for RESPA violations, Plaintiff fails to specify any facts giving rise to a reasonable inference that he suffered actual damages from a violation of § 2605(c).  He does not allege a causal connection between Defendant's failure to notify him of the loan servicing transfer and his alleged damages.  *See Akintunji v. Chase Home Fin., L.L.C.*, No. CIV.A. H-11-389, 2011 WL 2470709, at *2-3 (S.D. Tex. June 20, 2011); *see, e.g., Solis v. U.S. Bank, N.A.*, No. CV H-16-00661, 2017 WL 4479957, at *4 (S.D. Tex. June 23, 2017), *aff'd by* 726 F. App'x 221 (5th Cir. 2018)

(explaining that the conclusory allegation that the damages were based on the violations of § 1024.41 are properly dismissed because they "fail to establish a nexus between any of [the defendant's] alleged RESPA violations and the damages suffered as a result"); *Armendariz v. Bank of Am., N.A.*, No. EP-15-CV-00020-DCG, 2015 WL 3504961, at *5 (W.D. Tex. May 21, 2015) (finding claim against defendants for violating § 2605 failed where "the Complaint contain[ed] no facts explaining how this alleged violation impeded Plaintiff's ability to pay the mortgage, or otherwise caused Plaintiff to incur actual damages"). Further, courts in this circuit have found that "damages in the form of attorney's fees and mental anguish are insufficient to meet the requirement that the plaintiff must have suffered actual damages as a result of the defendant's RESPA violations." *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1019 (N.D. Tex. 2013); *see also Webb v. Wells Fargo Home Mortg., Inc.*, No. CV 18-1076-JWD-RLB, 2019 WL 4315017, at *5 (M.D. La. Aug. 29, 2019), *adopted by* 2019 WL 4307875 (M.D. La. Sept. 11, 2019) (citing *id.*); *Steele v. Quantum Servicing Corp.*, No. 3:12-CV-2897-L, 2013 WL 3196544, at *7-8 (N.D. Tex. June 25, 2013). While Plaintiff contends that statutory damages are recoverable under § 2605(f), he makes no allegations of a pattern or practice of misconduct by Defendant. *See Allen*, 2017 WL 3421067, at *4 ("[T]he Allens have not alleged a pattern or practice of misconduct, as required for statutory damages[.]").

Because Plaintiff's amended complaint has not alleged actual damages from a violation of § 2605(c), and his claim for statutory damages under § 2605(f) is conclusory at best, his claim under § 2605(c) should be dismissed *sua sponte*. *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 795 (5th Cir. 2014) ("Because [the plaintiff] alleged no facts upon which his injuries could be viewed as resulting from [the defendant's] failure to provide him with notice under RESPA, we conclude that the district court correctly dismissed his claim."); *Hurd v. BAC Home Loans Servicing,*

24

*LP*, 880 F. Supp.2d 747, 768 (N.D. Tex. 2012) (dismissing claim under RESPA where plaintiff failed to "alleg[e] any facts giving rise to a reasonable inference that she suffered actual damages from the alleged violation of ... RESPA").

## IV.  RECOMMENDATION[9]

Defendant's motion to dismiss should be **GRANTED**, and Plaintiff's claims against it should be dismissed with prejudice.

**SO RECOMMENDED** on this 10th day of June, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[9]Because Plaintiff's amended complaint does not assert a separate cause of action for "agency and *respondeat superior*," Defendant's motion to dismiss this claim need not be addressed. (*See* docs. 21 at 2; 22 at 18.)

25